IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ROY MANOLIS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF PROBATION<br><br><br>Case No. 2:03-CR-659 TS |

      This matter is before the Court for consideration of Defendant's *Pro Se* Motion for Early Termination of Supervised Release.[1]  In his Motion, Defendant seeks early termination of his supervised release pursuant to 18 U.S.C. § 3583(e).  The government has not responded to Defendant's Motion.  Having considered the file, the circumstances presented by this case, and being otherwise fully informed, the Court will grant Defendant's Motion, as set forth below.

---

[1] Docket No. 94.

1

## DISCUSSION

On August 20, 2003, Defendant was charged in a one-count Indictment with knowingly and intentionally manufacturing a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting therein, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On April 29, 2004, Defendant pleaded guilty to the offense.  On July 19, 2004, Defendant was sentenced, pursuant to 21 U.S.C. § 841(b)(1)(C), to a term of imprisonment of 24 months and a 36 month term of supervised release.  Defendant began his term of supervised release on December 30, 2005, and is scheduled to complete his term on December 29, 2008.

While incarcerated, Defendant successfully completed the 40-hour Drug Education Program and release preparation.  Defendant has abstained from the use of illicit substances, as evidenced by negative urine specimens.  Defendant has maintained full-time employment and has paid all required fees.

18 U.S.C. §§ 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.  In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

The only obstacle to granting Defendant the relief he seeks is the fact that he was sentenced pursuant to 21 U.S.C. § 841(b)(1)(C) which states, in pertinent part, that "[n]otwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall . . . *impose* a term of supervised release of at least 3 years in addition

to such term of imprisonment . . . ."[2]  The Court addressed similar language found in 21 U.S.C. § 841(b)(1)(B), and found that while the statute required the Court to impose a minimum term of supervised release, the Court retained the authority to terminate a Defendant's supervised release before the minimum period had run.[3]  The same reasoning applies here.  Thus, the language in 21 U.S.C. § 841(b)(1)(C) does not prevent the Court from terminating Defendant's term of supervised release.

Having considered the factors set forth in 18 U.S.C. § 3553(a) and the materials in the file, the Court finds that early termination of supervised release is appropriate here.

Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 94) is GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately, and this case shall be closed.

SO ORDERED.

DATED March 7, 2008.

                                    BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] 21 U.S.C. § 841(b)(1)(C) (emphasis added).

[3] *United States v. McClister*, 2008 WL 153771, *1–2 (D. Utah Jan. 14, 2008).